IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| WILLIAM JOE VASQUEZ, TDCJ-CID No. 02054054, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:19-CV-010-Z-BR |
| NFN HEFFINGTON et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed January 14, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint is **WITH PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff alleges that on December 8, 2016, he was exposed to noxious and dangerous chemical fumes through HVAC ductwork at a TDCJ facility. ECF No. 3 at 4. Plaintiff claims inmates — himself included — were denied access to showers for a four-hour period, prolonging the exposure. *Id.* Plaintiff claims he was asked by a nurse if he was okay. *Id.* at 5. Although Plaintiff replied "no," he was not taken to receive further medical treatment following the incident. *Id.* Plaintiff does not allege any injuries as a result of this exposure. *See id.*

## LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## ANALYSIS

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference; nor does a

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit defines a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added). Plaintiff has not stated what treatment — if any — he needed that he was not provided. Further, a four-hour delay in providing a shower does not constitute deliberate indifference absent facts that would show such a delay caused significant harm to the Plaintiff.

Section 1997(e), enacted as part of the Prison Litigation Reform Act (PLRA), provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." *See also Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was *de minimus* and did not meet the physical injury requirement found in the PLRA). To state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." *See, e.g., Lee v. Wilson*, 237 F. App'x 965, 966 (5th Cir. 2007) (affirming the dismissal of a prisoner's excessive force claim, holding that the prisoner's split lip was a *de minimus* injury and the conduct was not repugnant to the conscience of mankind). Plaintiff has not alleged he suffered any injury because of the exposure to fumes.

3

Because Plaintiff has not alleged an injury and has not supplied facts showing Defendants ignored or refused to treat an obvious medical need, Plaintiff has not stated a claim upon which relief can be granted. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE